# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JOHN JANKOWSKI,

    PLAINTIFF,

v.                                                              CASE NO.:

BOARD OF COMMISSIONERS,
ESCAMBIA COUNTY, ESCAMBIA COUNTY
ANIMAL CONTROL DIVISION

    DEFENDANT.

_____/

## COMPLAINT

Plaintiff, John Jankowski, (hereinafter referred to as the "Plaintiff" or "Jankowski:"), by and through his undersigned attorney, sues the Defendant, Board of Commissioners, Escambia County, Escambia County Animal Control Division (hereinafter referred to as the "Defendant" or "BCEC"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for disability discrimination under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008; 29 USCS §§ 2611 et seq; the and the Family Medical Leave Act ("FMLA").

## JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant

1

to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3. Defendant is considered an employer within the terms and conditions of the FMLA. Defendant employs fifty (50) or more employees within 75 miles of the worksite of Plaintiff.

4. Plaintiff worked for Defendant from January 24, 2005 until his unlawful termination on May 18, 2020. Plaintiff is considered an "eligible employee" for purposes of the FMLA as he has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5. The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

6. Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

7. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

8. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

9. Plaintiff has complied with all conditions precedent and

administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On June 22, 2020, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202025917) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202001006). On October 8, 2020, the FCHR made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was received after February 23, 2021.

## PARTIES

10. Plaintiff is a Caucasian male who resides in Pensacola, Florida. He was employed by Defendant from January 24, 2005, until his unlawful termination on May 18, 2020.

11. Defendant, Board of Commissioners, Escambia County, Escambia County Animal Control Division, is a political subdivision of the State of Florida, empowered to carry on county government pursuant to section 125.01, Florida Statutes and is an employer within the meaning of the ADA, ADAA, and FMLA.

## GENERAL FACTS

12. Plaintiff is a 52 year old Caucasian male.

13.  On or about January 24, 2005, Plaintiff was hired by Defendant as an Animal Control Officer.

14.  Plaintiff performed the duties and responsibilities of his position in a more than satisfactory manner.

15.  On February 4, 2020, Plaintiff was required to attend mandatory counseling after an on-the-job incident.

16.  After attending this mandatory counseling, on February 24, 2020, Plaintiff was diagnosed with Chronic Post Traumatic Stress Disorder.

17.  On February 24, 2020, Defendant was informed of Plaintiff's Chronic PTSD diagnosis and that it was directly related to his work environment and duties.

18.  Defendant was further informed that Plaintiff was in need of trauma-focused treatment therapy and several weeks off from work to allow him time to decompress and allow the therapy to take its course.

19.  Plaintiff requested time off to seek therapy and decompress, but he was repeatedly told no because he was the only certified officer serving the whole county and that he would just have to bear with them.

20.  Plaintiff maintained his full-time status with Defendant and continually worked 40 or more hours a week.

21.  Plaintiff was an "eligible employee" for purposes of the FMLA as he

was employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

22. Defendant had sufficient knowledge and information of Plaintiff's health condition, Plaintiff's Chronic PTSD, and that Plaintiff was a qualified individual entitled to FMLA leave.

23. Plaintiff's notice to Defendant was sufficient to assert his rights under the FMLA, as he conveyed more than enough information to put Defendant on notice that an event described in the FMLA occurred.

24. Defendant knew of his qualifying medical condition and failed to provide Plaintiff the necessary paperwork for FMLA leave.

25. Since February 4, 2020, when Defendant acquired sufficient information and knowledge that Plaintiff's Chronic PTSD diagnosis was for a FMLA-qualifying condition, Defendant should have notified Plaintiff of his eligibility to take FMLA leave within five business days.

26. The FMLA required Defendant to give Plaintiff written notice detailing his specific expectations and obligations under the FMLA and further explaining any consequences of his failure to meet these obligations.

27. Defendant never provided Plaintiff with any type of notice, written or otherwise, that he was entitled to FMLA benefits, thus interfering with and denying his substantive rights under the FMLA.

28. Instead of immediately placing Plaintiff on FMLA leave, Defendant refused to allow him time off. Defendant knew that Plaintiff's chronic PTSD was impacting his work performance, yet it pushed him to work under conditions it know or reasonable should have known were detrimental to his continued health and wellbeing.

29. Since February 4, 2020, Defendant had knowledge of Plaintiff's disability and chronic PTSD diagnosis when he informed Defendant of his disability.

30. Plaintiff is a qualified individual with a disability:

> (i) he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;
> (ii) Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.
> (iii) he has a record of such impairment; and,
> (iv) he was regarded (perceived or otherwise) by Defendant as having such impairments.

31. Plaintiff's disabilities substantially affected the major life activities of concentration, self-care, sleep and decreased mental acuity.

32. Plaintiff had the ability to perform the essential functions of his position and did so without incident until he was terminated by Defendant.

33. Defendant knew of Plaintiff's medical condition and refused to discuss

an accommodation, but instead made him continue to work, including several days were he was the only certified office working the whole county.

34. Defendant knew it was continuing to place Plaintiff in a working environment that was exacerbating his chronic PTSD, and continued to deny his request for time off, even to the point where his supervisor would laugh at him when he came in to ask for the time off.

35. Because of Defendant's intentional failure to accommodate his disability or provide him with FMLA, his condition worsened resulting in his termination on May 18, 2020.

36. Defendant is now attempting to use incidents from 2014 and 2018 as justification for it's termination when it knowingly and intentionally failed to inform or offer Plaintiff FMLA.

37. Any possible assertion that Plaintiff was terminated for performance, or any other reason, or that there was a viable business justification for his dismissal, is entirely *pretextual* for Defendant's blatant retaliation and discrimination against him because of his disability and in violation of his substantive rights under the FMLA.

## FIRST CAUSE OF ACTION
(DISABILITY - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 37 of this complaint with the same force and effect as if set forth herein.

39. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

40. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

41. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

42. Since February 4, 2020, Defendant had knowledge of Plaintiff's disability and chronic PTSD diagnosis when he informed Defendant of his disability.

43. Plaintiff is a qualified individual with a disability:

   (i) he has a physical impairment that substantially limits one

      or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;

  (ii) Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.

  (iii) he has a record of such impairment; and,

  (iv) he was regarded (perceived or otherwise) by Defendant as having such impairments.

44. Plaintiff's disabilities substantially affected the major life activities of concentration, self-care, sleep and decreased mental acuity.

45. Plaintiff had the ability to perform the essential functions of his position and did so without incident until he was terminated by Defendant.

46. Defendant knew of Plaintiff's medical condition and refused to discuss an accommodation, but instead made him continue to work, including several days were he was the only certified office working the whole county.

47. Defendant knew it was continuing to place Plaintiff in a working environment that was exacerbating his chronic PTSD, and continued to deny his request for time off, even to the point where his supervisor would laugh at him when he came in to ask for the time off.

48. Because of Defendant's intentional failure to accommodate his disability or provide him with FMLA, his condition worsened resulting in his termination on May 18, 2020.

49. Defendant is now attempting to use incidents from 2014 and 2018 as justification for it's termination when it knowingly and intentionally failed to inform or offer Plaintiff FMLA.

50. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

51. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

52. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

53. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been

experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

54. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

55. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

56. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 37 of this complaint with the same force and effect as if set forth herein.

57. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

58. At all times material hereto, Plaintiff was an employee of

Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

59. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

60. Since February 4, 2020, Defendant had knowledge of Plaintiff's disability and chronic PTSD diagnosis when he informed Defendant of his disability.

61. Plaintiff is a qualified individual with a disability:

> (i) he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;
> (ii) Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.
> (iii) he has a record of such impairment; and,
> (iv) he was regarded (perceived or otherwise) by Defendant as having such impairments.

62. Plaintiff's disabilities substantially affected the major life activities of concentration, self-care, sleep and decreased mental acuity.

63. Plaintiff had the ability to perform the essential functions of his

position and did so without incident until he was terminated by Defendant.

64. Defendant knew of Plaintiff's medical condition and refused to discuss an accommodation, but instead made him continue to work, including several days were he was the only certified office working the whole county.

65. Defendant knew it was continuing to place Plaintiff in a working environment that was exacerbating his chronic PTSD, and continued to deny his request for time off, even to the point where his supervisor would laugh at him when he came in to ask for the time off.

66. Because of Defendant's intentional failure to accommodate his disability or provide him with FMLA, his condition worsened resulting in his termination on May 18, 2020.

67. Defendant is now attempting to use incidents from 2014 and 2018 as justification for it's termination when it knowingly and intentionally failed to inform or offer Plaintiff FMLA.

68. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

69. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

70. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

71. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

72. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

73. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### THIRD CAUSE OF ACTION
*(FMLA INTERFERENCE)*

74. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 37 of this complaint with the same force and effect as if set forth herein.

75. On or about January 24, 2005, Plaintiff was hired by Defendant as an Animal Control Officer.

76. Plaintiff performed the duties and responsibilities of his position in a more than satisfactory manner.

77. On February 4, 2020, Plaintiff was required to attend mandatory counseling after an on-the-job incident.

78. After attending this mandatory counseling, on February 24, 2020, Plaintiff was diagnosed with Chronic Post Traumatic Stress Disorder.

79. On February 24, 2020, Defendant was informed of Plaintiff's Chronic PTSD diagnosis and that it was directly related to his work environment and duties.

80. Defendant was further informed that Plaintiff was in need of trauma-focused treatment therapy and several weeks off from work to allow him time to

decompress and allow the therapy to take its course.

81. Plaintiff requested time off to seek therapy and decompress, but he was repeatedly told no because he was the only certified officer serving the whole county and that he would just have to bear with them.

82. Plaintiff maintained his full-time status with Defendant and continually worked 40 or more hours a week.

83. Plaintiff was an "eligible employee" for purposes of the FMLA as he was employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

84. Defendant had sufficient knowledge and information of Plaintiff's health condition, Plaintiff's Chronic PTSD, and that Plaintiff was a qualified individual entitled to FMLA leave.

85. Plaintiff's notice to Defendant was sufficient to assert his rights under the FMLA, as he conveyed more than enough information to put Defendant on notice that an event described in the FMLA occurred.

86. Defendant knew of his qualifying medical condition and failed to provide Plaintiff the necessary paperwork for FMLA leave.

87. Since February 4, 2020, when Defendant acquired sufficient information and knowledge that Plaintiff's Chronic PTSD diagnosis was for a FMLA-qualifying condition, Defendant should have notified Plaintiff of his

eligibility to take FMLA leave within five business days.

88. The FMLA required Defendant to give Plaintiff written notice detailing his specific expectations and obligations under the FMLA and further explaining any consequences of his failure to meet these obligations.

89. Defendant never provided Plaintiff with any type of notice, written or otherwise, that he was entitled to FMLA benefits, thus interfering with and denying his substantive rights under the FMLA.

90. Instead of immediately placing Plaintiff on FMLA leave, Defendant refused to allow him time off. Defendant knew that Plaintiff's chronic PTSD was impacting his work performance, yet it pushed him to work under conditions it know or reasonable should have known were detrimental to his continued health and wellbeing.

91. Defendant knew of Plaintiff's medical condition and refused to discuss any type of accommodation, FMLA leave or acknowledge that his chronic PTSD was related to his working environment.

92. Defendant had more than sufficient knowledge that Plaintiff's chronic PTSD was an FMLA-qualifying condition.

93. Defendant knew or should have known that Plaintiff's medical condition was or could have been qualified under the FMLA.

94. Defendant unlawfully interfered with Plaintiff's rights under the

Family and Medical Leave Act when it acquired sufficient knowledge that Plaintiff's leave was for an FMLA-qualifying reason.

95. Defendant knew or should have known of Plaintiff's eligibility to take FMLA and refused, international or otherwise, to notify Plaintiff of his FMLA leave rights.

96. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

97. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

98. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a) Declaring the acts and practices complained of herein are violation of the, FMLA, ADA, ADAA;

    b) Enjoining and permanently restraining those violations of the FMLA, ADA, ADAA;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

e) Awarding Plaintiff liquidated damages;

f) Awarding Plaintiff compensatory damages;

g) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees;

h) Granting such other and further relief as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: May 17, 2021.    By: */s/ Clayton M. Connors*
   CLAYTON M. CONNORS
   Florida Bar No.: 0095553
   Email: cmc@westconlaw.com

**THE LAW OFFICES OF
CLAYTON M. CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
Attorney for Plaintiff